1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   VALERIE BROOKS, individually and on          No. 2:21-cv-00158-TLN-DB
     behalf of all others similarly situated,
12
                     Plaintiff,
13                                                 **ORDER**

        v.
14
     LOLA & SOTO BUSINESS GROUP,
15   INC. d/b/a MISS LOLA, a California
     corporation; and DOES 1 to 10, inclusive,
16
                     Defendant.
17

18
            This matter is before the Court on Defendant Lola & Soto Business Group, Inc. d/b/a Miss
19
     Lola's ("Defendant") Motion to Dismiss.  (ECF No. 11-1.)  Plaintiff Valerie Brooks ("Plaintiff")
20
     filed an opposition.  (ECF No. 12.)  Defendant replied.[1]  (ECF No. 16.)  For the reasons set forth
21
     below, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 11), with leave to amend.
22
     ///
23
     ///
24
     ///
25
     ///
26

27   ─────────────────────
     [1]      Defendant has also filed a Notice of Supplemental Authority in Support of its Motion to
28   Dismiss, (ECF No. 17), which this Court has reviewed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**[2]

Plaintiff alleges she is a visually impaired and legally blind individual who requires screen-reading software to read website content on her computer.  (ECF No. 1 at 1.)  Plaintiff claims she tried to visit Defendant's website, htpps://www.misslola.com/ ("the Website"), on several unspecified occasions, most recently in 2021.  (*Id.* at 8–9.)  However, in navigating the Website, Plaintiff encountered "multiple access barriers" while using screen-reading software.  (*Id.* at 8–10.)  Plaintiff also claims those barriers "deterred and impeded [her] from the full and equal enjoyment of goods and services offered in Defendant's store and from making purchases at such physical location."  (*Id.* at 10.)

As factual support for her claim that the Website interfered with her access to Defendant's physical store, Plaintiff alleges only that she "was unable to find the location and hours of operation of Defendant's store on its website, preventing Plaintiff from visiting the location to purchase products and/or services."  (*Id.*)

In terms of the offending website barriers, Plaintiff alleges she encountered several shortcomings, including most notably the lack of alternative text ("alt-text") code embedded beneath a website graphic or image that would enable the screen-reading software to describe the graphic or image for a sight-impaired user.  (*Id.* at 8–9.)  In addition to preventing Plaintiff from accessing "a fashion forward brand with the most coveted styles of the season[,]" Plaintiff complains of an inability to access information on the Website, including information about: "new arrivals, items back in stock, shoes, clothing, accessories, [and] exclusive merchandise[.]"  (*Id.* at 9.)

On January 26, 2021, Plaintiff filed a complaint alleging Defendant violated Title III of the Americans with Disabilities Act ("ADA") and the California Unruh Act ("Unruh").  *See* 42 U.S.C. §§ 12182–12189; Cal. Civ. Code §§ 51-52; (ECF No. 1).  On April 28, 2021, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure ("Rule" or

---

[2]      The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1.)

1    "Rules") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim

2    upon which relief can be granted.  (ECF No. 11-1.)  Plaintiff subsequently filed an opposition on

3    May 27, 2021.  (ECF No. 12.)  Defendant submitted a reply on June 3, 2021.  (ECF No. 16.)

4    **II.**    **STANDARD OF LAW**

5         A.    Rule 12(b)(1)

6         A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims

7    alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court

8    determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

9    action.").  A court considering a motion to dismiss for lack of subject matter jurisdiction is not

10   restricted to the face of the complaint and may review any evidence to resolve disputes

11   concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

12   1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.

13   1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to

14   plaintiff's allegations.").  "Once challenged, the party asserting subject matter jurisdiction has the

15   burden of proving its existence."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)

16   (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

17        If a plaintiff lacks standing under Article III of the United States Constitution, then the

18   Court lacks subject matter jurisdiction and the case must be dismissed.  *See Steel Co. v. Citizens*

19   *for a Better Env't*, 523 U.S. 83, 102–04 (1998).  Similarly, "if none of the named plaintiffs

20   purporting to represent a class establishes the requisite case or controversy with the defendants,

21   none may seek relief on behalf of himself or any other member of the class."  *O'Shea v. Littleton*,

22   414 U.S. 488, 494 (1974).  To satisfy Article III standing, a plaintiff must allege: (1) an injury-in-

23   fact that is concrete and particularized, as well as actual or imminent, not conjectural or

24   hypothetical; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is

25   redressable by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)

26   *as revised* (May 24, 2016); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

27   Plaintiff bears the burden of proof and must "clearly . . . allege facts demonstrating each

28   element."  *Spokeo, Inc.*, 136 S. Ct. at 1547 (internal quotations omitted) (quoting *Warth v. Seldin*,

422 U.S. 490, 518 (1975)).  "[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'"  *Id.* at 1547 n.6 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

                B.     <u>Rule 12(b)(6)</u>

        A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give

1    leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such

2    leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"

3    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

4    *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

5        **III.**   **ANALYSIS**

6           Plaintiff seeks injunctive relief and statutory damages against Defendant for

7    discrimination on the basis of her disability in the full and equal enjoyment of the Website.  (ECF

8    No. 1 at 15–19.)  Defendant filed the instant motion to dismiss pursuant to Rules 12(b)(1) and

9    12(b)(6).  (*See* ECF No. 11-1.)  Accordingly, the Court will address each argument in turn.

10           A.   Rule 12(b)(1)

11          Defendant moves to dismiss Plaintiff's ADA claim, arguing the Court lacks subject matter

12   jurisdiction on the bases that: (1) Plaintiff has not pleaded a concrete and particularized injury in

13   fact; and (2) Plaintiff's claim is moot.[3]   (ECF No. 11-1 at 16, 19.)

14           *i.*   *Injury in Fact*

15          Defendant contends Plaintiff failed to satisfy the injury in fact requirement because

16   Plaintiff's injury is not concrete and particularized.  (ECF No. 11-1 at 16.)  Plaintiff opposes,

17   arguing she adequately pleaded the injury in fact requirement.  (ECF No. 12 at 12.)

18          To satisfy the constitutional minimum of standing, "the plaintiff must have suffered an

19   'injury in fact' — an invasion of a legally protected interest which is (a) concrete and

20   particularized, and (b) actual or imminent, not conjectural or hypothetical[.]"  *Lujan v. Defs. of*

21   *Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, citations, and footnote omitted).

22   "The party invoking federal jurisdiction bears the burden of establishing these elements."  *Id.* at

23   561.  "At the pleading stage, general factual allegations of injury resulting from the defendant's

24   conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace

25   those specific facts that are necessary to support the claim."  *Id.* (alteration in original) (citation

26           ―――――――――――――

[3]    The Court notes that, as part of Defendant's subject matter jurisdiction argument,
27   Defendant further argues a lack of nexus between the barriers and a place of public
     accommodation (ECF No 11-1 at 14), however this issue is discussed in full under the 12(b)(6)
28   section of this Order and need not be duplicated here.

1    and internal quotation marks omitted).  In the ADA context, a plaintiff must demonstrate she

2    encountered a barrier related to her disability that affected her and that it interfered with her "full

3    and equal enjoyment" of the facility.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939,

4    947−48 (9th Cir. 2011) (en banc).  Once a plaintiff encounters such a barrier, she "has already

5    suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by

6    the courts, and so [s]he possesses standing under Article III."  *Id.* at 947 (quoting *Doran v. 7-*

7    *Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008).

8            Here, Plaintiff has pleaded a concrete and particularized injury in fact.  Plaintiff claims

9    she encountered "multiple access barriers" in navigating the Website and those barriers have

10   "deterred and impeded [her] from the full and equal enjoyment of goods and services offered in

11   Defendant's store and from making purchases at such physical location."  (ECF No. 1 at 8−10);

12   *see Arroyo v. Alva*, No. 14-CV-03958-LHK, 2015 WL 534502, at *3 (N.D. Cal. Feb. 9, 2015)

13   (quoting *Chapman*, 631 F.3d at 944) ("[u]nder Ninth Circuit precedent, the allegation that a

14   plaintiff encountered a 'barrier that deprives him [or her] of full and equal enjoyment of the

15   facility due to his [or her] particular disability,' is sufficient to satisfy the injury-in-fact

16   requirement") (alterations in original);  *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d

17   832, 840–41 (9th Cir. 2007) ("[a]s a matter of law, the allegations . . . that [the plaintiff]

18   encountered barriers to access, and . . . that [the plaintiff] was deterred by accessibility barriers . .

19   . gave . . . notice of the injury . . . suffered and, at the pleading stage, established [the plaintiff's]

20   standing to sue for violations of the ADA").  Defendant contends Plaintiff's allegations are not

21   specific enough to meet the concrete and particularized requirements (*see* ECF No. 11-1 at

22   16−17), however, as is the case here, "general factual allegations of injury . . . may suffice."

23   *Lujan*, 504 U.S. at 561.  Therefore, Plaintiff has adequately pleaded a concrete and particularized

24   injury in fact.

25                            *ii.      Mootness*

26           Defendant asserts it provided an auxiliary aid on the Website, in the form of an

27

28

                                                    7

1    accessibility plugin, rendering Defendant fully compliant with WCAG 2.1 standards,[4] thus

2    rendering Plaintiff's ADA claim moot. (ECF No. 11-1 at 18–19.) Plaintiff opposes, arguing

3    though she "recently discovered" Defendant's auxiliary aid, "the software hindered her ability to

4    access the website." (ECF No 12 at 14.) Plaintiff also argues "the jurisdictional issue is

5    inextricably intertwined with the merits of Plaintiff's ADA claim." (*Id.* at 17.)

6         Article III of the Constitution limits federal subject matter jurisdiction to "cases" and

7    "controversies." U.S. Const. Art. III. "A case is moot when the issues presented are no longer

8    'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*,

9    529 U.S. 277, 287 (2000). However, "[i]t is well settled that a defendant's voluntary cessation of

10    a challenged practice does not deprive a federal court of its power to determine the legality of the

11    practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). "[A] defendant

12    claiming that its voluntary compliance moots a case bears the formidable burden of showing that

13    it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to

14    recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

15         Additionally, in a motion to dismiss "'a [j]urisdictional finding of genuinely disputed facts

16    is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the

17    question of jurisdiction is dependent on the resolution of factual issues going to the merits of an

18    action.'" *Hopson v. Plaza*, No. 2:14-cv-02988-TLN-KJN, 2016 WL 1599477, at *2 (E.D. Cal.

19    Apr. 21, 2016) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

20    "In such a case, the district court assumes the truth of allegations in a complaint . . . unless

21

22    [4]       The World Wide Web Consortium ("W3C") is a private organization that develops

website standards. (*See* ECF No. 1 at 5); *Langer v. Pep Boys Manny Moe & Jack of California*,

23    No. 20-CV-06015-DMR, 2021 WL 148237, at *3 (N.D. Cal. Jan. 15, 2021). W3C's Web

Accessibility Initiative publishes Web Content Accessibility Guidelines ("WCAG"), which are

24    "private industry standards for website accessibility developed by technology and accessibility

experts." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 902 n.1 (9th Cir. 2019); *see also* Web

25    Accessibility Initiative, *Web Content Accessibility Guidelines (WCAG) Overview*,

https://www.w3.org/WAI/standards-guidelines/wcag (last visited February 16, 2022). Though

26    WCAG are "private, unenforceable guidelines," *Robles*, 913 F.3d at 907, they "have been widely

adopted, including by federal agencies, which conform their public-facing electronic content

27    to" WCAG standards. *Id.* at 902 n. 1. Though there is a draft of WCAG 2.2, at the time the

complaint was filed, WCAG 2.1 was the most recent version of the guidelines.

28

1  controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th

2  Cir. 1987).

3        In the ADA context, "a defendant's voluntary removal of alleged barriers prior to trial

4  may render a plaintiff's ADA claim moot." *Johnson v. Starbucks Corp.*, Case No. 16-cv-00724-

5  DMR, 2018 WL 5099283, at *4 (N.D. Cal. Oct. 17, 2018) (citing *Oliver v. Ralphs Grocery Co.*,

6  654 F.3d 903, 905 (9th Cir. 2011)); *see also Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134,

7  1145 (S.D. Cal. 2006). However, "courts have been more reluctant to find that an ADA

8  plaintiff's claims have been mooted where the alleged barriers are not structural in nature, since

9  nonstructural barriers (such as policy changes or features on a website) are more likely to

10  reoccur." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021

11  WL 148237, at *3 (N.D. Cal. Jan. 15, 2021) (citing *Bell v. City of Boise*, 709 F.3d 890, 901 (9th

12  Cir. 2013)) (rejecting mootness finding where the defendant's policy change "could be easily

13  abandoned or altered in the future"); *see also Langer v. Kaimana LLC*, 2016 WL 7029151, at *2

14  (C.D. Cal. Dec. 1, 2016) ("Unlike ADA cases involving post-lawsuit structural alterations, which

15  would require defendants to make physical alterations to a non-ADA compliant property, the

16  policy at issue here simply requires Defendants' inaction.").

17        Here, Defendant has not met its burden to show it is absolutely clear the allegedly

18  wrongful behavior could not reasonably be expected to recur. *See Laidlaw*, 528 U.S. at 190.

19  Though it has purportedly remedied the Website to be compliant in compliance with WCAG 2.1,

20  it is not abundantly clear that it could not reasonably fall out of compliance. *See Johnson v. SSR*

21  *Grp., Inc.*, Case No. 15-cv-5094-MEJ, 2016 WL 3669994, at *4 (N.D. Cal. July 11,

22  2016) ("While laudable, these voluntary remediation efforts are not structural in nature, and could

23  easily reoccur despite Defendant's best intentions"); *Nat'l Fed'n of the Blind v. Target Corp.*, 582

24  F. Supp. 2d 1185, 1193 (N.D. Cal. 2007) ("the continuous addition of new pages to Target.com

25  argues against a mootness finding."). Accordingly, a finding of mootness would be inappropriate.

26        Therefore, the Court DENIES Defendant's motion to dismiss for lack of subject matter

27  jurisdiction pursuant to Rule 12(b)(1).

28  ///

B.      Rule 12(b)(6)

Defendant moves to dismiss Plaintiff's claims, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  (ECF No. 11-1 at 21.)  The Court will address each claim in turn.

i.      ADA

By enacting the ADA, Congress intended "'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'"  *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 589 (1999) (quoting 42 U.S.C. § 12101(b)(1)).  To accomplish that goal, Title III of the ADA provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

In defining a place of "public accommodation" subject to Title III protection, the ADA enumerates twelve categories of "places" and "establishments" that mostly reference physical locations.  *Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th 1048, 1060 (2020).  The implementing regulations provide no further instruction but simply refer to a "public accommodation" as a "facility," which is defined as "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock . . . or other real or personal property, including the site where the building, property, structure, or equipment is located."  28 C.F.R. § 36.104.

That a business website is not included within these statutory categories is not surprising given Congress enacted the ADA in 1990, well before websites assumed the prominent role they now occupy in American business.  Although the Department of Justice ("DOJ") has previously endorsed the applicability of Title III to "[w]eb sites of public accommodations," the DOJ has provided no specific regulatory guidance as to whether a website may constitute a place of public accommodation if untethered from a physical location.  *Robles*, 913 F.3d at 903, 906–907, 910.

While courts addressing this question have split, the Ninth Circuit's position is that even if websites are not "public accommodations" under the ADA, a denial of equal access to a website

can nonetheless support an ADA claim if the denial has prevented or impeded a disabled plaintiff from equal access to, or enjoyment of, the goods and services offered at the defendant's physical facilities. *See Martinez*, 50 Cal. App. 5th at 1063 (citing *Robles*, 913 F.3d at 905–06). Thus, the pertinent issue becomes whether the website sufficiently connects customers to the services of a physical store to trigger protection under the ADA.

*Robles* constitutes the controlling Ninth Circuit precedent in answering this question. The case involved an ADA claim against Domino's Pizza's website and mobile app, which allowed customers to order food from physical Domino's locations for either delivery or in-store pickup. *Robles*, 913 F.3d at 902. The plaintiff, who was similarly sight-impaired, claimed he could not order a pizza from a local Domino's location due to the incompatibility of the mobile app and website with screen-reading software. *Id.* The Ninth Circuit found the plaintiff had met his burden in establishing a sufficient nexus between Domino's website and mobile app and its brick-and-mortar locations because the website and mobile app allowed customers to order pizzas directly from the stores. *Id.* at 905 ("Domino's website and app . . . are two of the primary (and heavily advertised) means of ordering Domino's products to be picked up at or delivered from the Domino's restaurants."). Thus, since the website and mobile app "facilitate access to the goods and services of a place of public accommodation" the Ninth Circuit held the website and mobile app fell within the protection of the ADA. *Id.* at 905. That is, the ADA applied because the website "connect[ed] customers to the goods and services of [the defendant's] physical" store.[5] *Id.* at 905–06.

Here, Plaintiff fails to identify any similar nexus. Plaintiff does not allege she tried to order clothes from the Website for pickup at Defendant's shop but was unable to do so. (*See*

---

[5]     *Robles* declined to decide whether the ADA covers the websites or mobile apps of a physical place of public accommodation where their inaccessibility does not impede access to the goods and services of a physical location. *Robles*, 913 F.3d at 905 n.6. However, the Northern District has recently held, "[o]n their own, websites are not places of public accommodation." *Langer*, 2021 WL 148237 at *5 (citing *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012)); *see also Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (holding the ADA protects "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services").

*generally* ECF No. 1); *see Estavillo v. Blizzard Entm't, Inc.*, No. 5:19-cv-05540-EJD, 2019 WL 6612061 at *3 (N.D. Cal. Dec. 5, 2019) (rejecting the plaintiff's claim that the ADA applied to a "digital storefront" when there were no allegations that the website was "heavily integrated with physical store locations" nor operated as a "gateway" to those locations); *but see Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 954–55 (N.D. Cal. 2006) (finding a sufficient nexus when the website allowed customers to take actions related to in-store products and services, including refilling a prescription or ordering photos for store pick-up).  Nor does she identify any integration or interconnectedness between the Website and Defendant's physical store comparable to that encountered in *Robles*.  (*See generally* ECF No. 1); *but see Reed v. CVS Pharmacy, Inc.*, No. CV 17–3877–MWF (SKx), 2017 WL 4457508 at *3 (C.D. Cal. Oct. 3, 2017) (finding ADA liability upon allegations that the CVS mobile app allowed the plaintiff to browse products physically on the shelves of CVS pharmacies).  Instead, Plaintiff identifies only a store locator (ECF No. 1 at 10) that, "by all indications, would have no functional difference from the results obtained by a simple Google search for [Defendant's shop] on any internet browser." *Brooks v. See's Candies, Inc.*, No. 2:20-CV-01236-MCE-DB, 2021 WL 3602153, at *3 (E.D. Cal. Aug. 13, 2021) (granting a motion to dismiss in a nearly identical action filed by Plaintiff and Plaintiff's counsel).  Indeed, Plaintiff provides no explanation as to why the inability to have graphics or images explained to her, by way of alt-text, prevented her from ascertaining the location of Defendant's brick-and-mortar store.  (*See* ECF No. 1.)  As such, Plaintiff's complaint is devoid of any allegation that the website is integrated with Defendant's physical locations in any specific way.  (*See generally* ECF No. 1); *but see Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634, 638, 645–46 (2019) (finding the requisite nexus when the website provided customers the opportunity to review the menu and make a reservation, which the court found expedited the customer's ability to obtain the benefits of the restaurant's physical facility).  Therefore, Plaintiff's ADA claim fails to state a claim upon which relief can be granted.  The Court thus GRANTS Defendant's motion to dismiss pursuant to Rule 12(b)(6).

>  ii.      *Unruh Claim*

Defendant moves to dismiss Plaintiff's Unruh claim on the bases that: (1) Plaintiff has

1  pleaded an Unruh claim predicated on a failed ADA claim, and (2) Plaintiff has not adequately

2  pleaded intentional discrimination.  (ECF No. 11-1 at 22–24.)  In opposition, Plaintiff concedes

3  she has not pleaded a claim of intentional discrimination, but rather solely bases her Unruh claim

4  on a violation of the ADA.  (ECF No. 12 at 20.)  Accordingly, the Court need not consider

5  whether Plaintiff adequately pleaded intentional discrimination.

6       A plaintiff can recover under Unruh on grounds that: (1) a violation of the ADA has

7  occurred under California Civil Code § 51(f); or (2) that she has been denied access to a business

8  establishment due to intentional discrimination in violation of California Civil Code §

9  52.  *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 670 (2009).

10       Having determined Plaintiff's ADA claim fails, her Unruh claim also fails, as her Unruh

11  claim is predicated solely on having a successful ADA claim.  *See Brooks*, 2021 WL 3602153 at

12  *4 (granting dismissal of Plaintiff's Unruh claim predicated on a failed ADA claim, in a nearly

13  identical action by Plaintiff).  Because Plaintiff has stated neither a cognizable ADA claim nor

14  made any allegations that she was subject to intentional discrimination by Defendant, she has not

15  pleaded a viable Unruh claim.  Therefore, Plaintiff has not stated a claim upon which relief can be

16  granted.  The Court thus GRANTS Defendant's motion to dismiss pursuant to Rule 12(b)(6).

17      **IV.**    **CONCLUSION**

18       For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss

19  (ECF No. 11).  Plaintiff is hereby granted thirty (30) days from the electronic filing date of this

20  Order is filed to file an amended complaint in conformity with this Order.  Defendant shall file a

21  responsive pleading to the amended complaint within twenty-one (21) days from the electronic

22  filing date of the amended complaint.

23  IT IS SO ORDERED.

24  DATED:  March 1, 2022

25

26

27            Troy L. Nunley

          United States District Judge

28